IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FELIPE GUADALUPE ROMERO,<br>       Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br>       Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. EP-14-CV-0292-LS |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas, the case was transferred to a United States Magistrate Judge to conduct any and all further proceedings in the cause including trial and entry of judgment. [ECF No. 17]

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I. BACKGROUND**

Plaintiff was born in December 1962, completed a 10th grade education, and is able to communicate in English. (R:18, 31, 149)[1] He has experience working as a kitchen helper and short

---

[1] Reference to the Administrative Record, contained in Docket Entry Number 15, is designated by an "R" followed by the page number(s).

1

order cook. (R:51, 155) Plaintiff discontinued working in November 2011, due to limitations caused by his medical conditions. (R:11, 37, 150)

## II. ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to accommodate Plaintiff's cervical spine and left shoulder impairments in determining his residual functional capacity ("RFC"). He argues that by failing to properly consider these impairments in determining his RFC, the ALJ failed to meet her burden at step 5 of the sequential disability analysis. Consequently, Plaintiff asserts that the ALJ'S decision is not supported by substantial evidence and results from legal error. He urges that the case be reversed, or in the alternative, remanded for further administrative proceedings.

## III. PROCEDURAL HISTORY

In December 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income with an alleged onset date of November 20, 2011. (R:9, 117, 122) His applications were denied initially and on reconsideration. (R:9, 56-59) Upon Plaintiff's written request for a hearing, an administrative hearing was held on January 9, 2013. (R: 9, 27-55, 77-79) Administrative Law Judge ("ALJ") Michelle Lindsay issued a decision on April 11, 2013, finding Plaintiff not disabled and denying benefits. (R:9-20) The Appeals Council denied Plaintiff's request for review on June 9, 2014. (R:1-4)

Plaintiff filed the instant cause on July 31, 2014. [ECF No. 1] The Court granted his motion to proceed in forma pauperis, and ordered the complaint filed. [ECF Nos. 4, 5] Defendant filed an answer and transcript of the administrative proceedings on October 16, 2014. [ECF Nos. 13, 15] Plaintiff filed a brief in support of his claims on January 14, 2015. [ECF No. 21] On February 13, 2015, Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF No. 22] On December 8, 2015, the case was transferred to United States Magistrate Judge Leon Schydlower. [ECF No. 23]

## IV. DISCUSSION

### A. STANDARD OF REVIEW

The court's review of the Commissioner's decision is limited to two inquiries: whether the decision is supported by substantial evidence on the record as a whole; and whether the Commissioner applied the proper legal standard. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Id.* Conflicts in the evidence are for the Commissioner and not for the courts to resolve. *Perez*, 415 F.3d at 461.

### B. EVALUATION PROCESS

A claimant bears the burden of proving disability, which is defined as any medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant

from engaging in substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Masterson*, 309 F.3d at 271. The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520, 416.920. However, if the claimant has shown he cannot perform his previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d. 194, 198 (5th Cir. 1999). If the Commissioner establishes other gainful employment, the burden shifts back to the claimant to prove he is unable to perform the alternative work. *Id.*

The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett*, 67 F.3d at 564. "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Id.*

The mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or

identify medical and other evidence of his impairments and how they affect his ability to work. *See* 20 C.F.R. §§ 404.1512(c), 416.912(c). His own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929.

### C. THE ALJ'S DECISION

In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 20, 2011, the alleged onset date.[2] (R:11) At step 2 of the analysis, the ALJ determined that Plaintiff had severe impairments of degenerative disc disease of the cervical spine, mild facet arthropathy of the lumbar spine, osteoarthritis of the left shoulder with rotator cuff tendinosis and full thickness tear of the supraspinatus, a mood disorder, borderline intellectual functioning, a history of alcohol dependence, and a history of cannabis dependence. (R:11) At step 3, however, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:11)

The ALJ next determined that Plaintiff retained the functional capacity to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following restrictions: he could lift and/or carry and push and/or pull 20 pounds occasionally and 10 pounds frequently; he could sit for a total of 6 hours in an 8-hour workday; he could stand and/or walk for a total of 6 hours in an 8-hour workday; he could never climb ladders, ropes, or scaffolds; he could occasionally crawl; he could understand, remember, and carry out simple instructions; he could

---

[2] Plaintiff was found to meet the insured status requirements of the Social Security Act through September 30, 2016. (R:11)

maintain attention and concentration to perform simple tasks for two hours at a time without requiring redirection to task; and he required work involving no more than occasional changes in the routine work setting. (R:13) *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).[3]

At step 4 of the analysis, the ALJ found that Plaintiff could not perform his past relevant work of kitchen helper or short order cook because the job requirements exceeded the limitations of his RFC. (R:18) Based on Plaintiff's age, education, work experience, and RFC, and relying on vocational expert ("VE") testimony, the ALJ found that other jobs existed in significant numbers in the national economy which Plaintiff could perform, specifically an assembly worker, a cannery worker, and a washer/waxer of agricultural products.[4] (R:18, 19) The ALJ concluded that Plaintiff was not disabled from his alleged onset date through the date of the ALJ's decision. (R:20)

## D. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S RFC DETERMINATION

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because she failed to accommodate Plaintiff's cervical spine impairment and left shoulder impairment. He alleges that these impairments significantly limit his ability to reach and handle objects and that the ALJ ignored objective evidence of such impairments. Plaintiff argues that by failing to accommodate these impairments in the RFC, the ALJ failed to meet her burden at step 5 of the analysis and that her disability decision is not supported by substantial evidence.

An individual's RFC is the most the individual can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine a claimant's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 529.685-258 (Washer/Waxer of Agricultural Products), 529.686-014 (Cannery Worker), 706.684-022 (Assembly Worker).

6

must consider all the record evidence and determine the claimant's abilities despite his physical and mental limitations. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001).

Review of the record demonstrates that substantial evidence supports the ALJ's RFC determination. A consultative examination was conducted on January 23, 2012, by Dr. Augustine O. Eleje. (R:206-08) During the musculoskeletal evaluation, Plaintiff exhibited a full range of motion, symmetric strength, normal muscle tone, no atrophy, and no abnormal movements. (R:207) He also had full range of motion of his extremities. He had a normal gait and was ambulatory without assistance. He was able to hop, squat, pick up a pen, and button his clothes. A cervical spine x-ray showed discogenic degenerative changes at the C5-C6 level. (R:205) Dr. Eleje assessed Plaintiff with cervical spondylosis and concluded that Plaintiff had limitations with lifting and carrying but no limitations with sitting, standing, handling objects, moving about, hearing, or speaking. (R:208) The physician noted that Plaintiff's alleged pain did not correspond to the findings on examination. (R:207) The ALJ gave considerable weight to Dr. Eleje's opinion, finding that it was consistent with the evidence as a whole.

A Physical Residual Functional Capacity assessment was completed by state agency medical consultant Dr. Roberta Herman on January 30, 2012. (R:213-20) Upon review of the medical records, Dr. Herman determined that Plaintiff could lift or carry up to 50 pounds occasionally and 25 pounds frequently, could sit, stand, and walk a total of about 6 hours in an 8-hour workday, and could push or pull up to the same weight he could lift and carry. (R:214) She

found no other limitations. Dr. Herman concluded that the medical evidence of record did not fully support Plaintiff's alleged limitations. (R:220)

Treatment records during the relevant time period from Plaintiff's treating physician, Dr. Jose A. Barahona, show essentially normal examinations with tenderness in Plaintiff's extremities and in his back. (R:275, 277, 281, 284, 358) Records from March 2012 through February 2013 reflect that Plaintiff's neck was reported as normal throughout. (R:275, 277, 281, 284, 358) The treatment notes further reflect that Plaintiff reported pain level ratings of zero or "no pain" on two of the four visits and ratings of 3 and 4 on a scale of 0 to 10, with 10 being the worst, on the other two visits. (R:275, 277, 281, 358) Plaintiff indicated "no pain" at the most recent of the visits in February 2013. (R:358)

Dr. Barahona completed a medical source statement on May 29, 2012. (R:272-74) He diagnosed Plaintiff with cervicalgia (neck pain) and neuropathy.[5] He concluded that Plaintiff was able to sit, stand, walk, and/or perform keyboarding a total of two hours in an 8-hour workday. He further determined that Plaintiff could lift or carry objects weighing no more than 10 pounds for more than 10 minutes per day. However, the severity of these alleged limitations is inconsistent with and unsupported by Dr. Barahona's own treatment records and the record as a whole. Thus, the ALJ properly gave Dr. Barahona's opinion little weight, finding it inconsistent with the record and not supported by objective findings.

In a Pain Management Initial Evaluation Assessment dated July 17, 2012, the examining physician at the Texas Tech University Health Sciences Center diagnosed Plaintiff with chronic

---

[5] Neuropathy indicates a functional disturbance or pathological change in the peripheral nervous system. *See Dorland's Illustrated Medical Dictionary*, 1212 (29th ed., 2000).

pain syndrome, brachial radiculitis,[6] and left shoulder pain, albeit without a rotator cuff tear. (R:331-34) Plaintiff complained of neck and left shoulder pain and exhibited a limited range of motion in his left shoulder. (R:331, 333)

Diagnostic evidence includes a radiology report dated February 16, 2012, indicating that Plaintiff's left shoulder had degenerative changes in the acromio clavicular joint. (R:291) However, the glenohumeral joint was normal and no soft tissue abnormalities were present. An August 6, 2012, MRI report of the left shoulder revealed rotator cuff tendinosis with a full-thickness tear. (R:315-16) Diagnostic test results pertaining to Plaintiff's cervical spine include an x-ray report dated January 25, 2012, showing no significant acute bone abnormalities, but showing advanced degenerative changes at the C5-C6 intervertebral disc. (R:330) An MRI examination of the cervical spine dated August 4, 2012, revealed multifactorial degenerative changes and retrolisthesis[7] at the C5-C6 level and mild to moderate degenerative disc changes at the other levels. (R:314-15) A CT examination report of the cervical spine dated December 23, 2012, showed moderate to severe degenerative changes of the cervical spine with mild retrolisthesis of C5 on C6. (R:303) The report further indicated that there were no acute abnormalities of the cervical spine. (R:303)

In considering the evidence, the ALJ concluded that the record as a whole did not support the severity of Plaintiff's alleged limitations and that Plaintiff had exaggerated his symptoms and functional limitations. Notably, the ALJ considered Dr. Eleje's report stating that Plaintiff arrived

---

[6] Radiculitus is the inflammation of the root of the spinal nerve, especially that portion of the root which lies between the spinal cord and the intervertebral canal. *See Dorland's Illustrated Medical Dictionary*, at 1511. Brachial means pertaining to the arm. *See id.* at 236.

[7] Retrolisthesis, or retrospondylolisthesis, is the posterior displacement of one vertebral body on the subjacent body. *See Dorland's Illustrated Medical Dictionary*, at 1568, 1569.

at his examination with "practically every major joint in his body wrapped." Dr. Eleje further stated, however, that Plaintiff was carrying "a large and obviously heavy back pack to the appointment." (R:207) Dr. Eleje observed that Plaintiff was ambulatory without assistance and had a normal gait. He also found that Plaintiff had a full range of motion in his extremities and had intrinsic hand strength of 5/5. (R:207, 208)

In a consultative psychological examination report dated January 31, 2012, James Schutte Ph.D. stated that Plaintiff arrived at the office appointment wearing a back brace, right and left wrist braces, and a leg brace. (R:223) However, he observed Plaintiff to ambulate without difficulty at the office and stated that Plaintiff reported walking to the appointment. (R:223, 225) Further, Plaintiff reported to Dr. Schutte that he could drive, take a bus, shop, handle money, and attend to his personal needs. (R:225)

The ALJ noted that Plaintiff appeared at the hearing wearing braces on his wrists, elbows, knees, and ankles. (R:17, 41-42) The ALJ noted that Plaintiff was also wearing a back brace and walking with a cane, but concluded that there was no evidence to indicate that any of the devices were medically necessary. (R:17)

After reviewing the record and making credibility determinations, the ALJ determined that a limited range of light work sufficiently accommodated Plaintiff's shoulder and cervical spine impairments. A factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Here, the ALJ's credibility determinations are supported by the objective medical evidence, the numerous inconsistencies in Plaintiff's subjective complaints, and the record as a whole. The Court therefore finds that substantial evidence supports the ALJ's RFC determination.

Plaintiff next asserts that the ALJ's step 5 determination that Plaintiff could perform other work is not supported by substantial evidence because of an allegedly faulty RFC finding. However, the Court has concluded that the RFC determination is properly supported by the record. The ALJ submitted a hypothetical question to the VE incorporating those limitations recognized by the ALJ in her RFC determination. (R:51-52) *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (hypotheticals to the VE must reasonably incorporate all disabilities recognized by the ALJ in the RFC assessment and claimant must be given an opportunity to correct any deficiencies before the ALJ can rely upon VE testimony). In response, the VE testified that Plaintiff could not perform his past relevant work, but that other work existed which Plaintiff could perform. (R:52-53)

The ALJ presented a second hypothetical question to the VE and included additional limitations to lifting no more than 8 pounds occasionally and performing only occasional forward and overhead reaching. (R:53-54) The VE testified that work would not be available in significant numbers. (R:54) However, the ALJ did not rely upon the VE's testimony concerning the second hypothetical because she found that the evidence, including Plaintiff's demeanor at the hearing, did not support a limitation to occasional reaching overhead or forward. (R:19) *See Villa*, 895 F.2d at 1024 (ALJ could consider claimant's hearing demeanor as one of several factors in making credibility determinations). Plaintiff's counsel had the opportunity to cross-examine the VE, but declined to do so. Therefore, the VE's testimony that other work existed provides substantial evidence for the ALJ's step 5 determination. The burden then became Plaintiff's to show that he could not perform the alternative work, which he failed to do. Consequently, his contention is without merit.

## V. CONCLUSION

Accordingly, based upon a review of the evidence, the Court finds that the ALJ's decision comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit. Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on June 6th, 2016.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**